8-30-2016

~~My Denа~~

My Name is Denard C Trapp and the debts

Mr Gennady Litvin owes me should not be

discharged. I can be contacted by mail 18 Marland Lane

Tinton Falls, NJ 07724 or by phone # 732-539-9577

Denard C Trapp

2016 SEP -6 P 1: 05
RECEIVED/MR
CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Gennady Litvin** | | | Social Security number or ITIN    **xxx–xx–2475** |
| | First Name    Middle Name    Last Name | | | EIN    _ _ – _ _ _ _ _ _ _ |
| Debtor 2 | | | | Social Security number or ITIN    _ _ _ _ |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | | EIN    _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of New York 271–C Cadman Plaza East, Suite 1595 Brooklyn, NY 11201–1800 | | | | |
| Case number:    **1–15–41890–nhl** | | | | Chapter:    **7** |

# Order of Discharge of Debtor(s)

Revised: 12/15

## IT IS ORDERED:

A discharge under 11 U.S.C. § 727 is granted to:

    Gennady Litvin

RECEIVED/MR

2016 SEP -6  P 1: 05

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK
CLERK

**BY THE COURT:**

Dated: August 18, 2016

s/ Nancy Hershey Lord
United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

Official Form 318Dl7        **Chapter 7 Order of Discharge of Debtor(s)**        page 1

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named in the order. This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318DI7          **Chapter 7 Order of Discharge of Debtor(s)**          page 2

SAT-33208 0207-1 318DI7 15-41890
Gennady Litvin
1559 West 6th Steet
Suite 5A
Brooklyn, NY 11204

016083 ·16083 1 AT 0.396 07724 2 4 8110-1-16394

Trapp, Denard
18 Marland Ln.
Tinton Falls, NJ 07724-3203

016083        33208016099027

New Jersey Appellate Division

Denard C. Trapp

A-001489-15

Plaintiff

-vs-

GDBT 1 TRUST 2011-1

Defendant

RECEIVED/MR
2016 SEP -6  P 1: 05
CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

## **AFFIDAVIT**

I, Denard C. Trapp, of Tinton Falls, New Jersey, MAKE OATH AND SAY THAT:

1. I, Denard Charles Trapp is the only owner of 18 Marland lane Tinton Falls, New Jersey location is Block No. 70.01 Lot No. 15 in which I first acquired the property from Shizue Altar on February 9. 1998. On January 10, 2007 12:30:36 The MORTGAGE WAS RELEASED AS SATISFACTION AND DISCHARGE notarized and signed by Peggy D. Williams of the State of South Carolina. On April 4, 2013 Kathryn M. Gilbertson Shabel of the PARKER McCAY P. A. Law Firm filed a Foreclosure Case Information Statement in violation of 4:64-1 and 1:4-8(a) as well as Judge Patricia Del Bueno Cleary, J. S. C. signing two diametrically opposite orders both on November 21, 2013 case No. F-011243-13. Judge Cleary was notified several times that GDBT 1 TRUST 2011 -1 and its agents are committing fraud on the court. The legal maxim is "Fraud vitiates everything" Boyce v. Grundy, 3 Pet. 210. The fraud is that GDBT 1 TRUST 2011-1 is a Statutory Trust Company ID 5103252 who is restricted to Delaware court system and is not licensed nor registered to do business in the state of New Jersey. There in lie the problem; "Court are constituted by authority and they cannot act beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are [254 U.S. 348, 354] not voidable, but simply void, and this even prior to reversal." and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. Elliot v. Piersol. 1 Pet. 328, 340; Old Wayne Life Ass'n v. McDonough, 204 U.S. 8, 27 Sup. Ct. 236. In regard to courts of inferior jurisdiction, "if the record does not show upon its face the facts necessary to give jurisdiction, they will be presumed not to have existed." Norman v. Zieber, 3 Or at 202-03; US v. Will, 449 US 200, 216, 101 S Ct, 471 66 LEd2nd 392, 406 (1980) Cohens v. Virginia, 19 US (6 Wheat) 264, 404, 5 Led 257 (1821) 'When a judge acts where he or she does not have jurisdiction to act, the judge is engaged in an act or acts of treason."

SUBSCRIBED AND SWORN TO                    )

BEFORE ME, on the                          )

18th day of August, 2016                   )

                                           )

                                           )

                                           )     Denard C. Trapp
NOTARY PUBLIC                              )

My Commission expires: · 9/29/16           )

**LUZ M. SIMMONS**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 9/29/2016**

©2002-2016 LawDepot.com®

SUPERIOR COURT OF NEW JERSEY
MONMOUTH COUNTY, NEW JERSEY
CHANCERY DIVISION - FORECLOSURE
DOCKET NO.:  MON-F-11243-13

x- - - - - - - - - - - - x
GDBT 1 TRUST 20111,                  :
                                     :          TRANSCRIPT
            Plaintiff                :
                                     :              OF
            -vs-                     :
                                     :           MOTION
DENARD TRAPP,                        :
                                     :
            Defendant                :
x- - - - - - - - - - - - x

                    Held at:     Monmouth County Courthouse
                                 71 Monument Park
                                 Freehold, New Jersey

                    Heard on:  April 13, 2016


B E F O R E:

     THE HONORABLE PATRICIA DEL  BUENO CLEARY, P.J.Ch.

**TRANSCRIPT ORDERED BY:**

     DENARD TRAPP

**A P P E A R A N C E S:**

     GEORGE CRETELLA, ESQ.
     Attorney for the Plaintiff

     DENARD TRAPP, Pro se
     Defendant

Audio Operator:          Roxanne Koester

**TRACY GRIBBEN TRANSCRIPTION, LLC**
Patricia Poole
859 Nutswamp Road
Red Bank, New Jersey 07701
(732) 263-0044 * FAX (732) 865-7179
**800 603-6212**
**www.tgribbentranscription.com**

2

# I N D E X

ORAL ARGUMENT                          PAGE

    BY MR. TRAPP                     3
    BY MR. CRETELLA                  5

DECISION                               5

EXHIBIT                                IDENT
D-1   Document                         4

---

3

THE COURT:  This is the matter of GDBT 1
Trust 2011-1 versus Denard C. Trapp.  It's docket
number F-11243-13.  May I have your appearances.  Who
do we have on the phone please?
MR. CRETELLA:  George Cretella, attorney for
the plaintiff.
THE COURT:  Just give me one minute.  Mr.
Cretella.  How do you spell your name, Mr. Cretella.
MR. CRETELLA:  C R E T E L L A.
THE COURT:  Okay, Mr. Cretella, I'm sorry.
And would you stand and face the Clerk to be sworn.
DENARD TRAPP, AFFIRMED
THE CLERK:  Please state your full name for
the record and just spell your last name for me.
MR. TRAPP:  Denard Charles Trapp, T R A P P.
THE COURT:  Okay, Mr. Trapp, you have filed
an emergent application for stay of removal of
applicant. It appears that there is a removal of you
today from premises known as 18 Marland Lane, Tinton
Falls.  Why are you seeking to stay this removal?   And
I'll just note, this is the third time you've been here
to ask for that stay.  So would you tell me why you're
seeking the stay?
MR. TRAPP:  Because as I was saying, my
mortgage has been satisfied, I told you this every

```
1    time.  And every document filed by GDBT 1 Trust, who is
2    trying to foreclose, is a business that's not licensed
3    or registered to do business in the State of New
4    Jersey.  And they don't have access to any courtroom to
5    have eviction or anything else done in this State of
6    New Jersey.
7                THE COURT:  Can you hear, Mr. Cretella?
8                MR. CRETELLA:  Yes.
9                THE COURT:  Okay, I'm sorry, continue.
10               MR. TRAPP:  State of New Jersey, and I filed
11   this matter and I'm also, this matter is before the
12   Superior Court and the Appellate Division at this time,
13   bringing grievance in reference to this because as you
14   can see from my documents, my mortgage has been
15   satisfied several times from loans and other mortgages
16   and so forth.
17               GDBT 1 Trust could not be the holder in due
18   course of my mortgage because they don't have, they're
19   not licensed or registered to do business in the State
20   of New Jersey.  I called and confirmed this by the
21   Treasury Department, because I checked it on the
22   computer which you can check yourself.  I'd like to
23   enter this in evidence, what they don't even have --
24               THE COURT:  All right, would you give that to
25   the Clerk, officer, please?  We'll just mark it as D-1.
```

```
1                MR. TRAPP:  They're not licensed to do
2    business or anything in the State of New Jersey.  And
3    if they're licensed or registered to do business in the
4    State of New Jersey, they don't have access to any
5    court.  So how could GDBT do any foreclosures, have any
6    mortgages, or be the holder in good standing of my
7    mortgage.
8                THE COURT:  Okay.  You can be seated, let me
9    hear from Mr. Cretella, please.
10               MR. CRETELLA: Judge, same as the other
11   several appearances, the eviction is three quarters of
12   the way done, the police have been there since 8:30
13   this morning along with the sheriff.  So obviously
14   we're moving forward with the eviction.
15               THE COURT:  All right, and your answer to any
16   of his allegations?
17               MR. CRETELLA:  No response, Judge.
18               THE COURT:  It's too late is I think probably
19   your allegation.
20               MR. CRETELLA:  Correct.
21               THE COURT:  Okay.  So this matter comes
22   before the Court by way of an application by the
23   defendant Denard Trapp, to stay his removal.  There is
24   in process a removal by the Sheriff's Department from
25   18 Marland Lane in Tinton Falls.  I think it's
```

6

1    important to go through the procedural history in this
2    case.
3            The loan in this matter was defaulted on
4    March 1st 2012.  A complaint was filed on April 5th
5    2013.  Mr. Trapp filed a contested answer on June 5th
6    2013.  And the Court conducted a case management
7    conference and a case management order was entered on
8    July 15th 2013.
9            The plaintiffs filed a motion for summary
10   judgment.  The motion was granted by me on November
11   21st 2013, over two and a half years ago.  I will note
12   that in reviewing my notes and also the order, it
13   states that there was no opposition filed.  I placed on
14   the bottom of the order that granting summary judgment
15   that the Court received opposition and a cross motion
16   on November 20th 2013, which was one day prior to the
17   motion, to the return day.  That was not filed in
18   JEFIS.  The Court will not consider it.  So therefore
19   nothing had been filed in JEFIS.  The Court could not
20   consider it.  And I granted summary judgment on
21   November 21st 2013.
22           On that same date, on November 21st, I
23   mistakenly signed an order which said summary judgment
24   in favor of plaintiff is denied.  But actually I put
25   in, the Court did not consider cross motion in

7

1    opposition because of late filing. So basically what I
2    should have done was stated under number 1 that summary
3    judgment is denied, is denied and the defendant is
4    granted leave to amend the answer to the complaint.  So
5    you know, I get a lot of motions every week, this was
6    my fault.
7            But then I filed a sua sponte order vacating
8    that order.  And that was filed on, I filed that order
9    back on December 2nd.  So I filed an order stating that
10   the order signed and filed on November 21st 2013 was
11   signed and filed in error.  And that order was vacated.
12   So at that point on December 2nd 2013 the motion for
13   summary judgment was granted.  That stood.  Nothing
14   happened.  No one filed any reconsiderations of that
15   motion.  I'll note that Mr. Trapp was represented by
16   counsel at that time.  Counsel did not file a
17   reconsideration of the motion for summary judgment.
18           And an uncontested judgment was entered about
19   nine months later on November 22nd 2014.  On June 8th
20   2015, almost a year ago, the property was sold at a
21   Sheriff's sale and the bank purchased the property.
22   Then on November 2nd 2015, a writ of possession was
23   entered.  And there was a notice of appeal of the
24   November 2nd 2015 writ of possession.  That was on
25   December 23rd 2015.  I assume that was filed down at

Case 1-15-41890-nhl   Doc 79   Filed 09/06/16   Entered 09/08/16 16:11:48

```
 1    the Foreclosure Unit, because I didn't take part in any
 2    of that procedure.
 3              Then the defendant came here on February 4th
 4    2016 for an order to stay his eviction.  That was again
 5    the day that the eviction was scheduled.  I denied that
 6    application.  And I understand from -- so that on
 7    February 4th.  On that date Mr. Trapp stated the case
 8    was in the Appellate Division.  And that was his reason
 9    to stay it until the Appellate Division made its
10    ruling.  I didn't find anything in the Appellate
11    Division, or I denied that anyway.  And I understand
12    there was a removal and then later on Mr. Trapp went
13    back into the premises.
14              There was another writ of possession that was
15    filed on March 14th 2016. Mr. Trapp came here again and
16    sought on March 28th, sought an application to stay his
17    removal.  At that time he stated the plaintiff have
18    standing -- and the lender not the holder of the note,
19    and did not receive a legal assignment.  That's what he
20    stated on March 28th.  All those issues have been
21    resolved, because the Court found summary judgment was
22    available and I granted summary judgment back on
23    November 21st 2013.  The plaintiff (sic) never appealed
24    from that and obviously it would have an interlocutory
25    appeal.  He never filed a reconsideration.  So again on
```

```
 1    March 28th I denied this application.
 2              Then the other day Mr. Trapp brought to this
 3    Court and just handed to my -- April 11, handed to my
 4    staff, a copy of a complaint that he has filed. And I
 5    can't tell whether he has filed it in the Law Division
 6    Special Civil Part, or in the Law Division, and
 7    claiming that GDBT Trust illegally used the court
 8    system of New Jersey, and in that case he's seeking
 9    damages.
10              But the point is, this is at least the third
11    time that Mr. Trapp has come here seeking to stay the
12    eviction.  He has not made -- if he claims it's in the
13    Appellate Division, they have not granted -- I'm sorry,
14    it has not granted a stay of eviction, or stay of any
15    proceedings.  At this point I find that all -- that I
16    granted a motion for summary judgment.  There was an
17    order for summary judgment back on November 21st 2013.
18    There was an uncontested judgment that was entered on
19    September 22nd 2014, which means that he got notice of
20    the judgment, of the plaintiff moving for judgment back
21    in November, back in September of 2014, a year and a
22    half ago.
23              So I find that Mr. Trapp has had numerous
24    opportunities to object to this judgment of
25    foreclosure.  He never asked for a reconsideration of
```

10

1    the order granting summary judgment. His argument
2    first time was standing. Then he has changed his
3    argument. I find that there is no reason at this time
4    to stay the eviction. I will deny the application.
5          MR. TRAPP: Well, I want to rebut or respond
6    to what you were saying. Several things that was
7    inaccurate on what you stated. First thing, I was,
8    when I came here, I said was fraud. Fraud due to, I
9    was never notified about the, about the, you striking
10   my attorney's answer. And I never got anything in
11   2013. And that's an excusable neglect. And the law is
12   clear as far as excusable neglect.
13         Neglect, because I thought, I assumed my
14   attorney was addressing that. And the law states
15   clear, it says, holding a client mistaken assumption
16   that his attorney and other action was addressed,
17   addressing matters at issue qualify as excusable
18   neglect. And that's <u>Goldberg, Goldhaner (phonetic)</u>
19   <u>versus Cullenberg</u> (phonetic) New Jersey law.
20         That, not only that, GDBT 1 Trust when I was
21   saying standing, meaning it's jurisdictional issues as
22   well as GDBT one is not licensed to do business in the
23   State New Jersey --
24         THE COURT: All right, this is a new argument
25   that you just made today.

11

1         MR. TRAPP: No, it's the same, it's the same
2    thing. It's jurisdictional issue and it's standing.
3    Because they have no standing in the State of New
4    Jersey to hold a mortgage, to foreclose on a house or
5    to business in the State of New Jersey. And for you to
6    let that stand, you're saying that a company can do,
7    break the law, and the State of New Jersey can sanction
8    the breaking of the laws. And that's what I'm saying,
9    they had no standing because they have no authority to
10   do any business in the State of New Jersey. They're
11   not licensed, nor are they registered to do business in
12   the State of New Jersey.
13         THE COURT: All right.
14         MR. TRAPP: And on top of that, on the 28th,
15   the counsel stated that he filed a complaint in Tinton
16   Falls for trespassing which that's a fraud, because I
17   went and checked. He did never file a complaint, and
18   he said that under oath. So that's perjury right
19   there.
20         THE COURT: All right, all these are issues
21   that I find not available to you at this point. I have
22   made my decision at least --
23         MR. TRAPP: No, I --
24         THE COURT: Excuse me, Mr. Trapp, I have made
25   my decision three times now. You have been here three

12

```
 1      times.   Three times I have told you I will not stay
 2      this removal. And so I am not going to do it.  If you
 3      did -- you know, you could have filed for a stay with
 4      the Appellate Division. I am not staying the removal.
 5      If you have to do it you can go to the Appellate
 6      Division and file for a stay.  But I will not change my
 7      mind.  I have set forth my reasons, this is the third
 8      time.  And I, my decision will stand.
 9                  MR. TRAPP:  So I want --
10                  THE COURT:  Thank you very much.
11                  MR. TRAPP:  I want to make it clear --
12                  MR. CRETELLA:  Thank you, Judge.
13                  MR. TRAPP:  I want to make it clear that
14      you're saying even though GDBT does not, is not
15      registered or licensed in the State of New Jersey, and
16      --
17                  THE COURT:  I am not -- I am saying what I
18      just said, don't put words in my mouth.
19                  MR. TRAPP:  No, you -- I'm not putting words
20      in your mouth.
21                  THE COURT:  Yes, you are.  I just made my
22      decision and that's it --
23                  MR. TRAPP:  You asked --
24                  THE COURT:  Don't tell me what I said.
25                  MR. TRAPP:  Well even though --
```

13

```
 1                  THE COURT:  I just made my decision.
 2                  MR. TRAPP:  So they're breaking the law.
 3                  THE COURT:  Thank you very much.
 4                  MR. CRETELLA:  Thank you, Judge.
 5                  MR. TRAPP:  They're breaking the law.  So how
 6      do I get a transcript of this --
 7                       (Recording off @ 3:19:31)
 8                  *            *            *
 9                  C E R T I F I C A T I O N
10                  I, PATRICIA POOLE, Certified Agency
11      Transcriber, do hereby certify that the foregoing
12      transcript of proceedings on Courtsmart Time 3:03:55 to
13      3:19:31, is prepared in full compliance with the
14      current Transcript Format for Judicial Proceedings and
15      is a true and accurate compressed transcript of the
16      proceedings as recorded in the matter of GDBT 1 TRUST v
17      TRAPP, heard by the Monmouth County Superior Court, on
18      April 13, 2016.
19
20
21      /s/ PATRICIA POOLE                      578
22                                          AOC Number
23                                       April 14, 2016
24      TRACY GRIBBEN TRANSCRIPTION, LLC        DATE
25
```

## Company Profile

| | |
|---|---|
| **Company Name** | GDBT I TRUST 2011-1 |
| **File Id** | 5103252 |
| **Business Type** | STATUTORY TRUST |
| **Status** | GENERAL |
| **Formation Date** | 01/31/2012 |
| **Company Age** | 4 Years |
| **State** | DE |
| **Residency** | DOMESTIC |
| **Agent Information** | Name: DEUTSCHE BANK TRUST COMPANY DELAWARE Address: E.A. DELLE DONNE CORP CENTER MONTGOMERY BUILDING, WILMINGTON, DE 198051266 Phone: |

## Company Overview

GDBT I TRUST 2011-1 is a STATUTORY TRUST in Delware and its file id is 5103252. GDBT I TRUST 2011-1 was registered on 01/31/2012. The company's status is listed as GENERAL

## KEY DATA

| | |
|---|---|
| **Company Name** | GDBT I Trust 2011-1 |
| **Company Number** | 5103252 |
| **Company Status** | Unknown |
| **Company Type** | Statutory Trust |
| **Jurisdiction** | DE |
| **Incorporation Date** | 31 January 2012 (4 years, 6 months ago) |

## AGENT

| | |
|---|---|
| **Agent Name** | Deutsche Bank Trust Company Delaware |
| **Agent Address** | 1011 Centre rd Ste 200<br>DE<br>198051266 |

Get List

**Total Companies**

There are over 2,000 other companies formed by this agent

## Gdbt I Trust 2011-1

**Legal Name:** Gdbt I Trust 2011-1

**Registration Number:** 5103252

**Status:** Good Standing

**Kind of Entity:** Statutory Trust

**Jurisdiction:** UNITED STATES

# Licenses and Permits

### Required Licenses and Permits for New Jersey Businesses

If you are a registered business in New Jersey, your company or members of your staff may be required to hold professional or occupational licenses. You may also need construction or safety permits as well as environmental licenses for certain business activities. The New Jersey Business Action Center makes it easy for you to find the State licenses and permits you need by providing the following links all in one place for your convenience. You will find New Jersey's common permits, licenses and certifications below.

Not yet registered as a business in New Jersey? Go first to Starting a Business to register your business, and then return to this page for licensing and permitting requirements. Of course, if you have any questions about NJ licenses and permits, don't hesitate to contact a Business Advocate at the New Jersey Business Action Center. Call us at **866.534.7789** Monday-Friday from 8am-5pm. We're ready to help you

## Who must register?

The Act requires any contractor engaging in the business of making or selling home improvements,
whether an individually owned business or a corporation, limited liability company, partnership, or
association, to register annually with the Division, unless specifically exempted from registration under the Act.

# FORECLOSURE
## CASE INFORMATION STATEMENT
### (FCIS)

Use for Initial Chancery Division — General Equity
foreclosure pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information is not furnished or if attorney's signature
is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK  ☐ CG  ☐ CA  ☐ MO |
| RECEIPT NO: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |
| BATCH DATE: |

## SECTION: A: TO BE COMPLETED BY ALL PARTIES

**CAPTION**
GDBT I Trust 2011-1 v. Denard C. Trapp, et. al.

**COUNTY OF VENUE**
Monmouth

**DOCKET NUMBER (When available)**
F-

**NAME(S) OF FILING PARTY(IES)**(e.g., John Doe, Plaintiff)
GDBT I Trust 2011-1, Plaintiff

**DOCUMENT TYPE**

X COMPLAINT    _ ANSWER    _ OTHER

**ATTORNEY NAME (IF APPLICABLE)**
Kathryn M. Gilbertson Shabel, Esquire
PARKER McCAY P.A.

**TELEPHONE NUMBER**
(856) 810-5815

**MAILING ADDRESS**
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054-1539

**DAYTIME TELEPHONE NUMBER**
(856) 596-8900

## SECTION B: TO BE COMPLETED BY PLAINTIFF TO INITIAL COMPLAINT

**FORECLOSURE CASE TYPE NUMBER**

|   |   |   |
| --- | --- | --- |
|   | 088 | IN PERSONAM TAX FORECLOSURE |
|   | 089 | IN REM TAX FORECLOSURE |
| X | 0RF | RESIDENTIAL MORTGAGE FORECLOSURE |
|   | 0CF | COMMERCIAL MORTGAGE FORECLOSURE) |
|   | 0CD | CONDOMINIUM OR HOMEOWNER'S ASSOCIATION LIEN FORECLOSURE |
|   | 091 | STRICT FORECLOSURE |
|   | 0FP | OPTIONAL FORECLOSURE PROCEDURE (NO SALE) |

IS THIS A HIGH RISK MORTGAGE PURSUANT TO
P.L.2009,c.84 AND P.L.2008,c.127 __ YES  X NO

PURCHASE MONEY MORTGAGE __ YES  X NO

RELATED PENDING CASE        __ YES  X NO

IF YES, LIST DOCKET NUMBERS:

**FULL PHYSICAL STREET ADDRESS OF PROPERTY:**
18 Marland Ln, Tinton Falls, NJ

ZIP CODE: 07724   COUNTY: Monmouth

**MUNICIPALITY CODE(*)**
1336

MUNICIPAL BLOCK: 70.01 fka 70fka 70.A

(LOTS): 15

## ALL FILING PARTIES MUST SIGN AND PRINT NAMES(S) AND DATE THE FORM BELOW.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

| ATTORNEY/SELF REPRESENTED SIGNATURE | PRINT ATTORNEY/SELF REPRESENTED NAME | DATE |
| --- | --- | --- |
|   | Kathryn M. Gilbertson Shabel, Esquire | 4/4/2013 |

*See reverse side for Municipality Codes
Revised Effective 9/2009, CN 10169

Page 1 of 2

| | |
|---|---|
| **Residency** | DOMESTIC |
| **Agent Information** | Name: DEUTSCHE BANK TRUST COMPANY DELAWARE<br>Address: E.A. DELLE DONNE CORP CENTER MONTGOMERY<br>BUILDING, WILMINGTON, DE 198051266<br>Phone: |

## Company Overview

GDBT I TRUST 2011-1 is a STATUTORY TRUST in Delware and its file id is 5103252. GDBT I TRUST 2011-1 was registered on 01/31/2012. The company's status is listed as GENERAL.

## Contact Information

| | |
|---|---|
| **Company Name** | GDBT I TRUST 2011-1 |
| **Telephone** | n/a |
| **Business Address** | n/a |
| **Email** | n/a |

## Additional Information

| | |
|---|---|
| **Estimated Revenue** | no information |
| **Employees** | no information |
| **Brands** | no information |

## Data Disclaimer

The information provided on delwarecorporates.com is collected from a variety of public sources. delwarecorporates.com website aim to provide the most comprehensive data , however this is dependant on the level of information filed in the public domain. Data could have changed since the last update. delwarecorporates.com website advise our visitors to express caution if in doubt, and to seek professional advice before commencing legal action, based on any information contained herein. When you visit delwarecorporates.com website, we send one or more cookies to your computer or other device that uniquely identifies your browser. We uses cookies in its advertising services to help advertisers and publishers serve and manage ads across the web. We may set one or more cookies in your browser when you visit a website, including We sites that use our advertising cookies, and view or click on an ad supported by our advertising services.

Company Index:  0-9 A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

Home |  About Us |  Privacy Policy |  Contact Us
© 2013 DelwareCorporates - Company Profiles of Delware



LITVIN LAW FIRM, P.C.
1716 Coney Island Avenue
Suite 5R
Brooklyn, New York 11230
(718) 307-5684
Attorneys for Defendant,
Denard C. Trapp

F I L E D

NOV 2 1 2013

PATRICIA DEL BUENO CLEARY, P.J.Ch.

| | |
|---|---|
| GDBT I TRUST 2011-1<br><br>Plaintiff,<br><br>v.<br><br>DENARD C. TRAPP; MRS. DENARD C. TRAPP<br>HIS WIFE; CAPITAL ONE BANK USA NA,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MONMOUTH COUNTY<br><br>Docket No.: F-011243-13<br><br><br><br><u>CIVIL ACTION</u><br><br><br>**ORDER** |

**THIS MATTER**, being opened to the Court by Litvin Law Firm, P.C., attorneys for

Defendant, Denard C. Trapp, on application for an Order denying Plaintiff Summary Judgment

and granting Defendant Leave to File an Amended Answer; and the Court having read and

considered the moving papers and any opposition thereto; and for good cause having been

shown;

IT IS on this _____21_____ day of _____November_____, 2013

**ORDERED AS FOLLOWS:**

1.  Summary Judgment in favor of Plaintiff is hereby denied;

2.  Defendant is granted leave to amend the Answer to the Complaint;

3. A copy of this Order shall be served on Plaintiff or their attorney within __7__ days of Defendant's receipt of a conformed copy of same from the Court.

PATRICIA DEL BUENO CLEARY, J.S.C.

OPPOSED___
UNOPPOSED___

Court did not consider cross motion
or opposition because of
late filing

File No. 14721-12-07180/0052

**Law Offices**
**PARKER McCAY P.A.**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, NJ 08054-1539**
**(856) 810-5815**
Attorneys for Plaintiff



F I L E D
NOV 2 1 2013
PATRICIA DEL BUENO CLEARY, P.J.Ch.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
MONMOUTH COUNTY
DOCKET NO. F-011243-13

GDBT I TRUST 2011-1,

    Plaintiff,

v.

DENARD C. TRAPP; MRS. DENARD C.
TRAPP HIS WIFE; CAPITAL ONE
BANK USA NA,



    Defendants.

CIVIL ACTION

**ORDER GRANTING SUMMARY**
**JUDGMENT IN FAVOR OF**
**PLAINTIFF AND STRIKING**
**ANSWER OF DEFENDANT,**
**DENARD C. TRAPP**

**THIS MATTER,** being opened to the Court by Parker McCay P.A., attorneys for

Plaintiff, GDBT I Trust 2011-1, on application for an Order granting Summary Judgment in

favor of Plaintiff and striking the answer of defendant Denard C. Trapp; and the Court

having read and considered the moving papers and ~~any~~ no opposition thereto; and for good

cause having been shown;

      IT IS on this __21__ day of __November__, 2013

LAW OFFICE
Parker McCay
P.A.

**ORDERED AS FOLLOWS:**

1. Summary Judgment is hereby granted in favor of Plaintiff, GDBT I Trust 2011-1, and the contesting Answer filed by Defendant, Denard C. Trapp, is hereby stricken from the. pleadings on file with prejudice;

2. The Clerk of the Court shall enter upon the docket the. default of Defendant, Denard C. Trapp, in the above-captioned foreclosure action;

3. This matter is hereby returned to the jurisdiction of the Foreclosure Unit of the Clerk's Office of the Superior Court of New Jersey for purpose of proceeding as an uncontested foreclosure action; and

4. A copy of this Order shall be served on Defendant or his attorney within __7__ days of plaintiff's receipt of a conformed copy of same from the Court.

OPPOSED_____

UNOPPOSED __X__

The Court received opposition
and cross motion on Nov. 20, 2013 that was
not filed in JEFIS.
Court will not consider.

LAW OFFICE
Parker McCay P.A